IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MARCELLUS ALONZO SIMS, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:23-CV-19 (WLS-TQL) |
| ASHLEY DOMINIAK and LARRY CARGLE, | : | |
| Defendants. | : | |

**<u>ORDER</u>**

Before the Court is Defendants' Motion in Limine (Doc. 44) ("the Motion"). On October 8, 2024, the Court held a Pretrial Conference in this case, at which the Motion was discussed. Plaintiff had not filed a response to the Motion prior to the Pretrial Conference. During the Pretrial Conference, the Court heard arguments and discussion on the Motion, after which the Parties agreed that the issues in the Motion might be narrowed. To date, Plaintiff has not responded to the Motion, nor have Defendants filed an amended Motion narrowing the issues. The Court considers briefing concluded, and the Motion is ripe for decision.

The true purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins.*, No. 2:07-cv-16, 2011 WL 470651, at *2 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). But the context at trial often determines the admissibility of evidence and, for this reason, "i[n] limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Ohler v. United States*, 529 U.S. 753, 757 n.3 (2000). Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information." *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013). A motion in limine ruling has

no impact on counsel's duty to make proper and contemporaneous objections at trial as to any evidence or argument they consider inadmissible or improper. *See Cephus v. CSX Transp., Inc.*, 771 F. App'x 883, 894–95 (11th Cir. 2019). As such, the Court disfavors motions in limine.

Defendants seek to exclude two types of evidence. The Court will address each in turn. First, Defendants seek to exclude "evidence regarding other claims and other parties" under Fed. R. Evid. 401, 402, and 403. Essentially, this is a "follow-the-law" objection requiring the Court to admit only evidence relevant to the claims in the current case. Such objections are improper. *See e.g.*, *Huddleston v. United States*, No. 2:19-CV-14048, 2019 WL 6828148, at *2 (S.D. Fla. Dec. 13, 2019). To the extent it needs to be said, the Parties must follow the law. In any case, the requested exclusion is cast far too broadly, given that evidence "regarding other claims and other parties" may also be relevant to Plaintiff's remaining claim against the remaining defendants. It is thus not clear to the Court that the evidence regarding other parties and claims is "clearly inadmissible on all potential grounds." Accordingly, Defendants' motion to exclude evidence regarding other claims and other parties is **DENIED-WITHOUT-PREJUDICE**. However, any party seeking to introduce evidence regarding other claims and other parties shall lay a proper foundation that such evidence is relevant and admissible. That foundation shall be presented upon proper notice to opposing counsel and the Court, and outside of the hearing of the jury.

Second, Defendants seek to exclude evidence that Defendants are insured against liability as it relates to Defendants' potential liability. Once again, this is an improper "follow-the-law" objection. Such evidence is, of course, expressly barred by the Rules of Evidence, regardless of whether the Court were to enter a prospective order excluding it. Accordingly, Defendants' motion to exclude evidence regarding insurance coverage is **DENIED-WITHOUT-PREJUDICE**. Defendants may raise such an objection, to the extent justified, as it relates to specific testimony offered by Plaintiff at trial. The Court notes, however, that the evidence of insurance is generally inadmissible to prove liability and irrelevant. Therefore, the burden is upon the proponent of such evidence to first show relevance and proper grounds for admission upon notice to opposing counsel and the Court outside the presence of the jury.

Accordingly, Defendants' Motion in Limine (Doc. 44) is **DENIED-WITHOUT-PREJUDICE**. Nothing in this Order, however, should be construed as limiting the Parties from raising these objections to evidence at trial, if justified.

**SO ORDERED**, this 5th day of November 2024.

                                            **/s/ W. Louis Sands**
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**